**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin Leroy RICE, Defendant–**
**Appellant.**

No. 07–5149.

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 2008.

Douglas Edward Snow, Leena Alam, Allen Johnston Litchfield, Phil Pinnell, United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Robert Ridenour, Barry L. Derryberry, Assistant Federal Public Defender, Federal Public Defender, Tulsa, OK, for Defendant–Appellant.

Before BRISCOE, BRORBY, and EBEL, Circuit Judges.

### ORDER AND JUDGMENT *

DAVID M. EBEL, Circuit Judge.

On appeal, Defendant–Appellant Kevin Leroy Rice contended that there was insufficient evidence to support his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

---

served for appeal if a party alerts the district court to the issue and seeks a ruling.").

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

While the appeal was pending and after oral argument, however, the warden of the prison where Mr. Rice was incarcerated informed this court that Mr. Rice has died. "[D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *United States v. Davis*, 953 F.2d 1482, 1486 (10th Cir. 1992) (quoting *Durham v. United States*, 401 U.S. 481, 483, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971) (per curiam) (footnote omitted) *overruled on other grounds, Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (per curiam)); *see also United States v. Sloan*, 26 Fed.Appx. 890 (10th Cir.2002) (unpublished) (remanding case, with directions to vacate the judgment and dismiss the underlying indictment, where appellant died pending the direct appeal of his sentence).

Accordingly, this case is REMANDED to the district court with directions to VACATE the judgment of conviction and DISMISS the underlying indictment.[1]

---

1. If counsel for the Appellant wishes to challenge the factual premise that Appellant has died, counsel shall do so by filing a request for reconsideration of this order within ten days from the date of the filing of this Order.